IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RA'QUAN T. DAVIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1291-RGA |
| JANSSEN PHARMACEUTICALS, INC., et al., | : |
| Defendants. | : |

Ra'Quan T. Davis, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 5, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Ra'Quan T. Davis, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, commenced this action on September 11, 2017. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff was housed at the New Castle County Detention Center in 2013 and alleges he was administered Risperdal by Defendant treating doctor Jane/John Doe. Soon after, he began to develop lumps and enlarged nipples with discharge. In 2016, Plaintiff discovered he has a form of gynecomastia and needs surgery to reduce the growth in his chest. Plaintiff discovered Defendants knew of the risks of unwanted growth in the chests of young males, did not disclose the side effects, and continued to market and promote the drug as safe.

Plaintiff alleges: (1) negligence in Defendants' duty of care in marketing, distributing and sale of Risperdal including the duty to warn physicians and users of potential side effects; (2) breach of warranty when Plaintiff relied upon doctors' skill and judgment that Risperdal was safe; (3) breach of express warranty because Risperdal does not conform to express representations as it is not safe and causes adverse side effects; and (4) fraud by concealment when Defendants knowingly and intentionally concealed important information as to the safety of Risperdal to physicians and consumers. Plaintiff alleges the use of Risperdal/Risperidon is the proximate cause of his injuries and seeks compensatory and punitive damages.

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant

2

Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See, e.g., U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002). Plaintiff filed this matter as a civil rights action pursuant to 42 U.S.C. § 1983 and a tort action. The

Complaint alleges negligence, breach of warranty, breach of express warranty, and fraud by concealment and, as presented, reveals no basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. While the Complaint invokes 42 U.S.C. § 1983, the allegations do not speak to constitutional violations. Rather, they speak to state tort claims and suggest Plaintiff may have claims under state law. In other words, the Complaint does not state a claim under federal law.

Nor does jurisdiction vest by reason of diversity of citizenship. Under § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). To the extent Plaintiff attempts to raise state law claims, the Court lacks jurisdiction given that complete diversity is not apparent from the pleadings. *See Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x 273, 276 (3d Cir. 2012). As alleged, there is no diversity of citizenship because Plaintiff has named as a defendant doctor Jane/John Doe. *See, e.g., Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483 (3d Cir. 2006) (where there are no allegations as to their citizenship, "John Doe parties destroy diversity jurisdiction if their citizenship cannot truthfully be alleged."). The naming of the Doe defendant destroys diversity. In addition, the Doe Defendant's address is listed as the New Castle County Detention Facility which is located in the State of Delaware, the same state where Plaintiff currently resides.

The Court is mindful that Plaintiff appears *pro se* and, therefore, his Complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519. Regardless, the Court discerns no basis for asserting jurisdiction

4

over this action. The Complaint contains no federal question and there are no allegations of diversity of citizenship. See 28 U.S.C. § 1331, 28 U.S.C. § 1332. Thus, the Court has no jurisdiction over the matter. Therefore, the complaint will be dismissed for want of jurisdiction.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint for want of jurisdiction without prejudice to filing the claims in a court of competent jurisdiction.

An appropriate order will be entered.